Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: (877) 206-4741
Fax: (866)633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
*Attorneys for Plaintiffs*,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVE GALLION, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**PERSONAL  TRAINER FOOD, LLC and CHEAPEST TEXTING,**<br><br>Defendants. | **Case No.:   5:16-cv-00036-JGB-DTB**<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. STEVE GALLION ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of PERSONAL TRAINER FOOD, LLC and CHEAPEST TEXTING ("Defendants"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls

dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

4.

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act …  is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7.  The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814

(9ᵗʰ Cir. Oct. 12, 2012).

**JURISDICTION AND VENUE**

8.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9.  Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants are subject to personal jurisdiction in the County of Los Angeles, State of California.

**PARTIES**

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant Personal Trainer Food, LLC, is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Texas.  Defendant Personal Trainer Food, LLC, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).  Defendant Personal Trainer Food, LLC provides meals to thousands of consumers.  Plaintiff alleges that at all times relevant herein Defendant Personal Trainer Food, LLC conducted business in the State of California and in the County of San Bernardino, and within this judicial district.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant Cheapest Texting, is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Minnesota.  Defendant Cheapest Texting, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).  Defendant Cheapest Texting provides solicitation services for third parties.  Plaintiff alleges that at all times relevant herein Cheapest Texting conducted business in the State of California and in the County of San Bernardino, and within this judicial district

13. Defendant Personal Trainer Food, LLC and Defendant Cheapest Texting will collectively be referred to as "Defendants."

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was a citizen of the County of San Bernardino, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

15. Defendants are, and at all times mentioned herein were, corporations and "persons," as defined by 47 U.S.C. § 153 (39).

16. At all times relevant Defendants conducted business in the State of California and in the County of San Bernardino, within this judicial district.

17. On or around October 16, 2013, Plaintiff filled out an application Defendant Personal Trainer Food. Plaintiff agreed to the terms and conditions at the time, which did not include consent to receive text messages from Defendant Personal Trainer Food or any third party.

18. After Plaintiff agreed to the terms of conditions of Defendant Personal Trainer Food, Defendant Personal Trainer Food changed its terms and conditions to include that "By providing a mobile phone number with your order, you agree that Personal Trainer Food may send you SMS/text message notifications and/or special offers. Standard Message rates apply.

19. Plaintiff never agreed to these terms of conditions and never agreed that either Defendant Personal Trainer Food or Defendant Cheapest Texting could send him solicitation text messages.

20. In or around December of 2015, Defendants began to send a campaign of text messages to Plaintiff's telephone number ending in -6963.

21. Defendants began to use Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages.

22. On or about December 9, 2015, at around 1:50 p.m. Plaintiff received a text message from Defendants that read:

EXCLUSIVE OFFER: $125 off + 5 days of FREE FOOD! Hurry, order now: PersonalTrainerFood.com/m/meals.php
Code: JINGLE125
Valid on 2meals/day
Rply STOP

23. Then, two minutes later at 1:52 p.m., Plaintiff received another text message that read exactly the same as the text message in paragraph 17.

24. Again at 2:04 p.m., twelve minutes later, Plaintiff received another text message that read exactly the same as the text message in paragraph 17.

25. Further, two minutes after at 2:06 p.m., Plaintiff received another text message that read exactly the same as the text message in paragraph 17.

26. Then, three minutes after at 2:09 p.m., Plaintiff received another text message that read exactly the same as the text message in paragraph 17.

27. Again, at 2:14 p.m., 5 minutes later, Plaintiff received another text message that read exactly the same as the text message in paragraph 17.

28. Plaintiff received another text message that read the same as the text message in paragraph 17 three minutes later at 2:17 p.m.

29. Plaintiff then received another text message that read the same as the text message in paragraph 17 another three minutes after at 2:20 p.m.

30. Frustrated, Plaintiff responded by texting back "Stop" at 2:24 p.m.

31. Though Plaintiff had not given his prior express consent to be contacted by ATDS by Defendants, by way of Plaintiff's text messages to Defendants, Plaintiff had now withdrawn any consent Defendants might have believed Defendants had prior to that point.

32. Immediately after, Defendants sent a text message to Plaintiff that stated:
Songwhale: You have been opted out of all campaigns on this short code.

33. Despite this Defendants sent another text message that read the same as the text message referenced in paragraph 17 four minutes later at 2:28 p.m.

34. Defendants then sent another text message that read the same as the text message referenced in paragraph 26 two minutes later at 2:30 p.m.

35. Plaintiff responded by sending another text message at 2:30 p.m. that stated "Stop."

36. Immediately after at 2:30 p.m. Defendants sent a text message to Plaintiff that read the same as the text message referenced in paragraph 26.

37. Then, right after at 2:30 p.m. Plaintiff received another text message that read the same as the text message referenced in paragraph 17.

38. Plaintiff responded at 2:31 p.m. that stated "STOP."

39. Defendants responded at 2:31 p.m. with another text message that read the same as the text message referenced in paragraph 26.

40. Then again at 2:34 p.m., three minutes later, Defendants sent another text message that read the same as the text message referenced in paragraph 26.

41. One minute later at 2:35 p.m., Defendants sent Plaintiff another text message that read the same as the text message reference in paragraph 26.

42. Defendant sent at least fifty (50) messages to Plaintiff's cellular telephone.

43. These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

44. The telephone number that Defendants, or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

45. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

46. As of December 9, 2015, Plaintiff did not provide Defendants or its agents with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

47. These telephone calls by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

///

**CLASS ACTION ALLEGATIONS**

48. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

49. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any unsolicited text messages from Defendants which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

50. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

51. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

52. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

53. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

54. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)    Whether, within the four years prior to the filing of this Complaint, Defendants or its agents sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

    b)    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c)    Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

55. As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

56. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

57. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

58. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with

federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

59. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

62. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

66. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

67. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and The Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

1

**TRIAL BY JURY**

2  68. Pursuant to the seventh amendment to the Constitution of the United States of America,

3     Plaintiff is entitled to, and demands, a trial by jury.

4

5  Dated: April 18, 2016                                Respectfully submitted,

6

7                                      **THE LAW OFFICES OF TODD M. FRIEDMAN, PC**

8

9                                           By:  /s Todd M. Friedman

10                                               TODD M. FRIEDMAN, ESQ.
                                                ATTORNEY FOR PLAINTIFF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Proof of Service</u>**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On April 18, 2016, I served a true copy of First Amended Complaint by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Joshua M. Briones
E. Crystal Lopez
Blank Rome LLP
2029 Century Park East 6th Floor
Los Angeles, CA 90067

Place of Mailing: 8730 Wilshire Blvd., Suite 310, Los Angeles, CA 90211.

Executed on April 18, 2016, at Beverly Hills, CA

[x] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[] I hereby certify that I am employed in the Law Offices of Todd M. Friedman, P.C.

[x] I hereby certify under the penalty of perjury that the foregoing is true and correct.

By: <u>s/ Todd M. Friedman</u>
Todd M. Friedman